## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

STEPHEN KLEMASH,
    Plaintiff

    v.

THE HOME DEPOT, INC.
    Defendant

CIVIL ACTION NO:

### COMPLAINT AND JURY DEMAND

**I.   INTRODUCTION**

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1.  This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2.  The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b). This action is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination on the basis of his age (73) and retaliation for opposing discrimination in the workplace. Plaintiff also asserts age discrimination and retaliation claims arising under the New Jersey Law Against Discrimination, ("NJLAD") N.J.S.A. 10:5-1, et seq.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to ADEA, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the NJLAD.

6. All conditions precedent to the institution of this suit have been fulfilled. This action was commenced by Plaintiff after sixty (60) days of filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Stephen Klemash, is an individual and citizen of the State of New Jersey who resides at 7 Candle Stick Lane, Sicklerville, New Jersey.

8. Defendant, The Home Depot, Inc., was and is now a corporation duly organized and existing under the laws of the State of New Jersey, and maintains a place of business located at 116 Walker Avenue, West Berlin, New Jersey.

9. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of its authority, course of employment, and under the direct control of Defendant.

10. At all times material herein, Defendants has been a "person" and "employer" as defined under ADEA and NJLAD, and is subject to the provisions of said acts.

## IV. STATEMENT OF CLAIMS

11. Plaintiff was employed by Defendant from in or about June, 2007, until on or about August 5, 2015, when he was terminated from his position of employment as a result of the unlawful employment practices complained of herein.

12. Plaintiff held the position of Sales Specialist in the Appliance Department at the time of his termination and performed his job functions in a dutiful and competent manner, having received numerous awards for sales and customer service and being acknowledged as working at a highly successful store and region. At the time of his termination, Plaintiff was earning a salary of approximately $34,215.00 per annum plus benefits, which included healthcare and 401(k) benefits.

13. During his employment, Plaintiff's newly appointed manager, Aaron Desau ("Desau"), subjected him to age-based discriminatory remarks and conduct which created a hostile working environment, said conduct and remarks include, but was not limited to, constantly referring to Plaintiff as an "old man", repeatedly questioning him: "Is this what happens when you get old?" and "Are you senile?" and "Are you losing it, old man?", denying his requests for time off while granting such time to other similarly-situated younger employees, and otherwise treating him in a discriminatory and hostile manner due to his age.

14. In addition, when Plaintiff inquired about opportunities for advancement within the Company, Desau responded by asking him: "Why would you be interested in advancing at your age?"

15. On another occasion, when Plaintiff complained about having to work the closing shifts, Desau threatened, "I'll give you all the closings, old man."

16. Lindy Lewin, a co-worker of Plaintiff, witnessed the aforesaid discriminatory treatment by Desau and on occasions overheard him make comments to the effect that Plaintiff doesn't need time off because he was "old" and unimportant to his family, and that he doesn't understand the computer system because he is old and stupid.

17. Plaintiff complained to Store Manager, Chris O'Neil and Assistant Manager, Michael Anuzzi, about Desau's discriminatory treatment and remarks regarding his age.

18. Defendant's management failed to take any remedial action on behalf of Plaintiff or conduct an investigation into Desau's discriminatory conduct.

19. On or about July 14, 2015, Plaintiff was called in to meet with Human Resources representative, Lisa (LNU) and was advised that a complaint had been leveled against him for refusing to provide a customer service. Plaintiff denied ever refusing service to any customer on that date or at any time during his nearly eight years of loyal service with Defendant.

20. Approximately one week after his meeting with Lisa (LNU), she assured Plaintiff that he had nothing to worry about and that he was found not to be at fault.

21. However, on or about August 5, 2015, Plaintiff was advised by Store Manager, Chris O'Neil, that he was terminated from his position of employment for the aforesaid allegation.

22. Plaintiff was never issued any progressive discipline prior to his termination and to Plaintiff's understanding, his alleged misstep was deemed inconsequential according to Defendant's Human Resources representative.

23. Coincidently, one week prior to his termination for allegedly refusing a customer service, Plaintiff received an award for Outstanding Customer Service from the Defendant.

24. Plaintiff believes and therefore avers that his termination was due to his age and in retaliation for having registered complaints of age-based discrimination and disparate treatment perpetuated by Desau, as aforesaid.

**COUNT I**
**(ADEA – Age Discrimination and Retaliation)**
<u>**Plaintiff v. Defendant**</u>

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as fully set forth at length herein.

26. The actions of Defendant through its agents, servants and employees in subjecting Plaintiff to a hostile work environment, dissimilar and disparate standards of treatment, and in terminating Plaintiff because of his age and in retaliation for opposing discrimination, constituted a violation of the ADEA.

27. The unlawful discriminatory employment practices engaged in by Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2) of the ADEA.

28. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of 28 U.S.C. §626(a) and (1) and 626(a)(2) of the ADEA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of his benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT III
### (NJLAD – Age Discrimination and Retaliation)
### Plaintiff v. Defendant

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

30. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to a hostile work environment and in terminating Plaintiff's employment solely because of his age and in retaliation for opposing discrimination as aforesaid, constituted a violation of the NJLAD.

31. Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

32. As a direct result of Defendant's willful and unlawful actions in violation of the NJLAD the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the

aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

33.  Plaintiff repeats the allegations of paragraph 1 through 32 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a)  Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)  Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

(c)  Defendant pay to Plaintiff liquidated damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)  The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

 

DUFFY, NORTH, WILSON,
THOMAS, NICHOLSON, LLP

By: _____
JOSHUA S. GANZ, ESQUIRE
ID # 040792000
104 N. York Road
Hatboro, PA 19040
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff,
Stephen Klemash